OPINION of the Court, by
Judge Owsley.
Thompson, as surveyor of a highway, having been presented by the grand jury for failing to keep it in repair, and though served with process for that' purpose, having failed to appear and answer the charge, the court after hearing the evidence gave judgment against him. After this, but on the same day, Thompson appeared in court, alleged no allotment of hands had ever been made, and suggested as a reason for his not appearing when the cause was first called, that he left home as he supposed in sufficient time, but owing to his being deceived by a watch, when he reached town the trial was Over, and moved the court for a new trial.
*231 The court accordingly set aside the judgment,;and \ipon further consideration gave judgment against the commonwealth.
The attorney for the commonwealth, Supposing the court erred,in granting a second trial, has brought the case before this court by writ of error.
To authorise the court to enter judgment in the first instance, it M as certainly essential that proof should have been made of the hands having been allotted to work on the road ; and if that was not done, whatever negligence may have been imputable to Thompson, in failing to appear in proper time, the court acted correctly in setting aside the judgment.
That no such proof was produced, we are bound to infer from the circumstance of the bill of exceptions con-staining no such statement, and from the circumstance of the motion which was made upon that ground being sustained by the court.
Were this case, therefore, to be determined by those rules which govern applications for new trials after verdict, when there has been a formal trial in the usual mode of proceeding at bar, the decision of the court below would be nevertheless strictly correct.
We would not however be understood as deciding that those rules should be strictly conformed to in the consideration of cases like the present. For here as the court was not only the triers of the law but the fact also, the inconveniences resulting from a further consideration and trial of the cause could not be so many, nor the trouble and expense so great as when the facts are to be ascertained by a jury. In the consideration of such a case, if the court who tries the cause has not on an application for a further consideration or second trial an absolute, they certainly have a very extensive discretion ; and if this court ought in any case to control that discretion, it should be for a flagrant and outrageous abuse of authority, and not when the circumstances are such as those attending the present.
The judgment must therefore be affirmed.